UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.     CASE NO: 2:18-cr-186-FtM-29MRM

JOAQUIN MENDEZ-PATINO

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Dismiss Indictment (Doc. #28) filed on December 21, 2018. The Government's Response (Doc. #32) in opposition was filed on January 11, 2019. On January 24, 2019, the Court entered an Order (Doc. #36) directing each party to file a memorandum as to the district court's jurisdiction to resolve the motion to dismiss. Defendant's Supplemental Memorandum (Doc. #37), filed on January 29, 2019, asserts that a district court has subject matter jurisdiction to resolve the motion. The government's Supplemental Response (Doc. #38), filed on January 31, 2019, asserts that a district court does not have subject matter jurisdiction to resolve the motion.

For the reasons set forth below, the Court concludes that it does not have subject matter jurisdiction to resolve the motion. Alternatively, assuming such jurisdiction, the motion is denied.

**I.**

For purposes of the motion, the Court accepts the facts proffered by defendant and the documents from the immigration file submitted by defendant and the government. In sum:

On December 24, 2009, a Notice to Appear (Docs. #28-1, #32-1) was served on defendant in an immigration removal proceeding. The Notice to Appear asserted that defendant was an alien present in the United States who had not been admitted or paroled, and set a hearing before an immigration judge "on a date to be set" and "at a time to be set" at an unstated location. Defendant signed the portion of the form requesting a prompt hearing before an immigration judge. Also on December 24, 2009, defendant signed a form in Spanish (Doc. #32-2) which the government represents was a notification of rights and defendant's request for resolution of the matter.

On December 28, 2009, defendant signed two versions of a Stipulated Request For Order of Removal and Waiver of Hearing (Doc. #28-2; #32-3), one in English and one in Spanish. The government agency agreed to the stipulated order of removal. (Doc. #32-4.) Based upon this Stipulation, on December 31, 2009, an immigration judge ordered defendant removed from the United States. (Doc. #28-3, #32-4.) Defendant was removed on January 6, 2010.

**II.**

The Indictment in this case alleges that defendant Joaquin Mendez-Patino (defendant) was an alien of the United States "who previously had been deported, excluded, and removed from the United States on or about January 6, 2010." The Indictment further alleges that defendant was found in the United States on or about September 29, 2018 without having received the consent of the Attorney General or the Secretary of Homeland Security, in violation of 8 U.S.C. § 1326(a). (Doc. #1.)

It is a violation of federal law for any alien who had been deported or removed from the United States to thereafter be found in the United States without the consent of the Attorney General or Secretary of Homeland Security. 8 U.S.C. § 1326(a). A defendant is not allowed to challenge the validity of the prior deportation/removal warrant in the criminal proceeding

> unless the alien demonstrates that-- (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). To phrase it in the affirmative, "[t]o collaterally attack or challenge the validity of her underlying deportation order, [a defendant in a criminal proceeding under § 1326] must show all three of the following requirements: (1) that

all available administrative remedies have been exhausted; (2) that the deportation proceedings deprived her of the opportunity for judicial review; and (3) that the deportation proceedings were fundamentally unfair." United States v. Watkins, 880 F.3d 1221, 1224 (11th Cir. 2018) (citing 8 U.S.C. § 1326(d)).

**III.**

This case raised two issues: Does a district court have subject matter jurisdiction to decide whether § 1326(d) has been satisfied, and if so, has defendant satisfied the requirements of § 1326(d) in this case.

**A. Subject Matter Jurisdiction of District Court**

Motions to dismiss indictments are of course routinely addressed by a district court, and the undersigned has recently entered a merits determination in a similar case without consideration of its subject matter jurisdiction. United States v. Rosa Imelda Garcia-Alvarez, 2:18-cr-142-FtM-29CM (Doc. #26). Additionally, as defendant points out, many district courts have resolved such motions without questioning their authority to do so, and the Eleventh Circuit has reviewed such district court decisions on the merits without comment as to the district court's jurisdiction. (Doc. # 37, pp. 4-5.) Cases which do not discuss the jurisdiction issue, however, have no binding or persuasive effect. In re Bradford, 830 F.3d 1273, 1278 (11th Cir. 2016.)

As defendant describes (Doc. #37, pp. 1-2), Congress added § 1326(d) in 1996 in response to the due process concerns of <u>United States v. Mendoza-Lopez</u>, 481 U.S. 828, 837-38 (1987)("Our cases establish that where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be *some* meaningful review of the administrative proceeding.  This principle means at the very least that where the defects in an administrative proceeding foreclose judicial review of that proceeding, an alternative means of obtaining judicial review must be made available before the administrative order may be used to establish conclusively an element of a criminal offense." (citations and footnotes omitted)).  Section 1326(d) does not itself discuss jurisdiction, but only "establishes what a defendant must prove in order to prevail on the merits of the collateral attack."  <u>United States v. Mendez-Delgado</u>, 2019 WL 178419, *1 (11th Cir. Jan. 14, 2019).

Beginning in 2005, Congress stripped the federal courts of jurisdiction to review a broad range of immigration matters.  In connection with a review of removal proceedings, federal district courts were stripped of all jurisdiction.

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole

> and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e). For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). Thus, an alien challenging an order of removal has only one avenue: filing a petition for review in the appropriate federal court of appeals. <u>Alexandre v. U.S. Att'y Gen.</u>, 452 F.3d 1204, 1206 (11th Cir. 2006).

Section 1326(d) was in effect at the time, so the question becomes whether it was impacted by the more recent jurisdiction-stripping statute. The answer is certainly yes. The language used by Congress was exceptionally broad and insistent, stating twice in a single section that jurisdiction was withdrawn notwithstanding "any other provision of law (statutory or nonstatutory." 8 U.S.C. § 1252(a)(5). Additionally, Congress knew how to make an exception to this jurisdictional allocation to allow a district court handling a criminal case to consider a challenge to the validity of a removal order. Congress did so for one offense.

> If the validity of an order of removal has not been judicially decided, a defendant in a criminal proceeding charged with violating

> section 1253(a) of this title may challenge the validity of the order in the criminal proceeding only by filing a separate motion before trial. The district court, without a jury, shall decide the motion before trial.

8 U.S.C. § 1252(b)(7)(A). But Congress has only authorized such district court jurisdiction where the charge is that the alien failed to depart the United States in violation of 8 U.S.C. § 1253(a). Congress authorized no continued jurisdiction pursuant to § 1326(d).

Contrary to defendant's argument (Doc. #37, p. 4), he is indeed seeking judicial review of his prior removal order. Defendant wants this court to declare his prior removal order to be unlawful and void. This is clearly a judicial review which is barred by 8 U.S.C. § 1252(a)(5). Accordingly, defendant's motion is dismissed.

### B. Merits of §1326(d) Issue

Alternatively, the Court will resolve the merits of the motion. For the reasons set forth below, if the Court has subject matter jurisdiction, the motion is denied.

Defendant argues that the Indictment must be dismissed because the January 6, 2010 removal was based on a December 31, 2009 removal order entered by an immigration judge who lacked jurisdiction to enter such an order. Defendant asserts that jurisdiction over a removal proceeding vests only upon the filing of a proper notice to appear, 8 C.F.R. § 1003.14(a); that a proper

notice to appear must include the date and time of the scheduled removal hearing, Pereira v. Sessions, 138 S. Ct. 2105, 2113-16 (2018); and that the notice to appear in defendant's removal proceeding failed to do so because it simply provided that the hearing was to be "on a date to be set" at "a time to be set" (Doc. #28-1.)  Since there was a lack of jurisdiction by the immigration judge, defendant argues, the government cannot now rely upon the prior removal order as a basis for the Indictment.  Without such a prior valid removal order, there is no violation of 8 U.S.C. § 1326(a), and defendant asserts, the Indictment should be dismissed.

It is a violation of federal law for any alien who had been deported or removed from the United States to thereafter be found in the United States without the consent of the Attorney General or Secretary of Homeland Security.  8 U.S.C. § 1326(a).  "To convict on this charge the Government has to establish beyond a reasonable doubt that [defendant]: (1) was an alien at the time of the offense; (2) who had previously been removed or deported; (3) and had reentered the United States after removal; (4) without having received the express consent of the Attorney General." United States v. Valdiviez-Garza, 669 F.3d 1199, 1201 (11th Cir. 2012).  A defendant is not allowed to challenge the validity of the deportation/removal warrant in the criminal proceeding "unless the alien demonstrates that-- (1) the alien exhausted any

administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d).

Defendant challenges his 2009 removal order, but concededly has not demonstrated all three statutory requirements.  Rather, defendant argues that because he establishes the third requirement, he need not establish the first two requirements. Defendant asserts that his removal proceedings were fundamentally unfair because the immigration judge lacked jurisdiction, that he was prejudiced by this unlawful removal, and that the lack of jurisdiction excuses the requirements that he exhaust administrative remedies and seek judicial review.  The Court concludes that defendant was obligated to satisfy all three of the requirements, but has satisfied none.

Defendant starts his argument by asserting that his removal was fundamentally unfair because the Notice To Appear was defective and thus deprived the immigration judge of jurisdiction to issue a removal order.  "[F]undamental unfairness requires a showing that specific errors prejudiced the defendant."  United States v. Holland, 876 F.2d 1533, 1536 (11th Cir. 1989).  "An alien characterizing a deportation as fundamentally unfair must, at a minimum, demonstrate that the outcome of the deportation

proceeding would have been different but for a particular error." United States v. Zelaya, 293 F.3d 1294, 1298 (11th Cir. 2002).

The Court finds that the immigration judge had subject matter jurisdiction over defendant's removal proceedings. Congress has placed the "sole and exclusive" authority over removal proceedings in the hands of immigration judges. 8 U.S.C. § 1229a(a)(1), (3). In connection with the initiation of such removal proceedings, a "written notice (in this section referred to as a 'notice to appear')" must be given to the alien. Id. § 1229(a)(1). The Notice to Appear must contain certain information, including the "time and place at which the proceedings will be held." Id. § 1229(a)(1)(G)(i). If the time and place are changed, a notice is generally to be provided to the alien. Id. § 1229(a)(2).

Defendant relies primarily upon the corresponding regulation, which states: "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a). A "charging document" in this context is the Notice of Appearance. Id. § 1003.13. The Notice of Appearance must include the date and time of the scheduled hearing. Pereira, 138 S. Ct. at 2113-16.

But the "jurisdiction" referred to in the regulation is not subject matter jurisdiction. Congress conferred subject matter jurisdiction to the immigration judges by 8 U.S.C. § 1229a(a)(1), (3), and that jurisdiction is unaffected by the contents of a

Notice to Appear. The "jurisdiction" referenced in the regulation is personal jurisdiction over the alien. Personal jurisdiction, unlike subject matter jurisdiction, can be waived, United States v. Isaac Marquez, 594 F.3d 855, 858 n.4 (11th Cir. 2010), and in this case was clearly waived by the alien.[1]

Defendant effectively concedes that he failed to exhaust his administrative remedies and was not deprived of the opportunity for judicial review. Therefore, defendant has established none of the statutory requirements, and his motion to dismiss is due to be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion to Dismiss Indictment (Doc. #28) is **DISMISSED** for lack of subject matter jurisdiction, or in the alternative is **DENIED** on the merits.

---

[1] Additionally, while a litigant in federal district court cannot forfeit a challenge to subject matter jurisdiction, a petitioner attacking agency action can forfeit a challenge to agency jurisdiction. Shawnee Coal Co. v. Andrus, 661 F.2d 1083, 1093 (6th Cir. 1981); United Transp. Union v. Surface Transp. Bd., 114 F.3d 1242, 1244-45 (D.C. Cir. 1997); Campos-Luna v. Lynch, 643 Fed. App'x 540, 543 (6th Cir. 2016). Here, despite being advised of his rights in Spanish, defendant never challenged the jurisdiction of the immigration judge based upon the lack of date and time in the initial notice. Defendant was required to do so in order to collaterally attack the removal order in this criminal proceeding.

**DONE and ORDERED** at Fort Myers, Florida, this   5th   day of February, 2019.

/s/ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record